## Case No. 14,331.
### The UNA.
[5 Ben. 198; [1] 14 Int. Rev. Rec. 6.]
District Court, S. D. New York. June, 1871.

COLLISION — MASTER — PRESUMPTION OF ABSENCE.

1. The master of a vessel has authority, as such, to maintain an action in his own name for damages to such vessel by collision.

2. The owner of a foreign vessel, in such a case, is presumed to be absent till the contrary is shown.

[Cited in The Tillie, Case No. 14.049.]

In admiralty.

Stevens & Reymert, for libellant.
Beebe, Donohue & Cooke, for claimants.

BLATCHFORD, District Judge. This is a cause of collision, to recover for the damages caused to the Norwegian bark Elizabeth by a collision which took place between her and the lighter Una in the harbor of New York, on the 16th of July, 1868. The fault of the Una is admitted. In the libel, the libellant, Edward M. Jensen, describes himself as having been the master, the managing owner, and the ship's husband, of the bark, at the time of the collision. The answer admits that he was the master of the bark, but denies that he held any other relation to her, and takes the objection that he has no right to maintain this action in his own name. There is no proof that he sustained any other relation to the vessel than that of her master. But, his authority as master was sufficient to authorize him to bring this suit in his own name. Ben. Adm. (2d Ed.) § 384; Houseman v. The North Carolina, 15 Pet. [40 U. S.] 40, 49; McKinlay v. Morrish, 21 How. [62 U. S.] 343, 355; The Commander in Chief, 1 Wall. [68 U. S.] 43, 51. His position as master constituted him so far agent for the owners of the vessel, who, as the vessel is shown to be a Norwegian vessel, must be presumed to be absent until the contrary is shown, that he could bring this suit in his own name, and receive on behalf of such owners the damages awarded.

On the merits, I award to the libellant $108 43, with interest from July 30th, 1868, rejecting the item of $20 for superintendence. I also reject the claim for demurrage and for permanent deterioration, and award no costs to either party as against the other.

---

## Case No. 14,332.
### The UNADILLA.
[8 Ben. 478.] [2]
District Court, N. D. New York. June. 1876.

MARITIME LIEN — SUPPLIES TO VESSEL IN HER HOME PORT—STATE LAW.

1. The lien, given by the laws of the state of New York (Sess. Laws 1862, c. 482), for supplies furnished to a vessel in her home port is valid and enforceable in the admiralty, the vessel being of twenty tons burden and upwards, enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between different states upon the lakes and navigable waters connecting them.

2. Such a lien must prevail over the title of a purchaser of the vessel who has bought her without notice of the lien.

3. Case of The Edith [Case No. 4,283] criticised.

In admiralty.

WALLACE, District Judge. This case presents the question whether a lien given by the laws of New York (chapter 482, Laws 1862), for supplies furnished a vessel in her home port can be enforced in rem in this court, the vessel being of twenty tons burden and upwards, enrolled and licensed for the coasting trade, and employed in business of commerce and navigation between ports and places in different states upon the lakes and navigable waters connecting the lakes. If the statute confers a valid lien, inasmuch as the cause of action is founded on a maritime contract, and the court has therefore jurisdiction of the controversy, the admiralty will enforce the lien given by the local law. The St. Lawrence, 1 Black [66 U. S.] 522; Peyroux v. Howard, 7 Pet. [32 U. S.] 321; The New Orleans v. Phœbus, 11 Pet. [36 U. S.] 275. Prior to the amendment of the 12th admiralty rule by the supreme court in 1859, it had been the common practice of the district courts to issue process in rem for the enforcement of such liens. The rule was amended, for reasons of policy stated briefly in Maguire v. Card, 21 How. [62 U. S.] 251, and more fully stated by Judge Taney in The St. Lawrence, 1 Black [66 U. S.] 527, and thereby process in rem in such cases was denied. The amendment to the 12th rule, promulgated by the supreme court in May, 1872, restores the right to process in rem; and as stated in The Lottawana, 21 Wall. [88 U. S.] 581. the rule of 1844 is restored so far as to give material men the right to enforce their liens; and when the lien exists, no matter by what law it is created, all obstacles to a proceeding in rem are now removed.

Whether or not the lien given by the act of 1862 is valid, depends upon the constitutionality of that act. That the act transcends the legislative power of the states, so far as it attempts to transfer to the state courts the power to enforce maritime causes of action by remedies unknown to the common law, and thus encroaches on the admiralty jurisdiction vested exclusively in the district courts, is clear both upon principle and authority. But that the act is wholly void does not follow. A statute may be void in part and valid in part. and those provisions which are unconstitutional will not vitiate those which are lawful unless all are so mutually co-operative and dependent

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reported by Robert D. Benedict, Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]